**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | |
| LM WASTE SERVICE CORP., | CASE NO. 14-08851 EAG |
| DEBTOR. | CHAPTER 11 |
| _____ | |
| LM WASTE SERVICE CORP., | |
| PLAINTIFF, | ADV. PROCEEDING NO. 15-00126 |
| v. | |
| MUNICIPIO DE JUANA DIAZ;<br>ANDRES REYES BURGOS, INC., | |
| DEFENDANTS. | FILED & ENTERED ON 12/15/2016 |
| _____ | |

**OPINION AND ORDER**

Plaintiff LM Waste Service Corp. ("LM Waste") commenced the adversary proceeding

of caption against the Municipality of Juana Diaz (the "Municipality") for the turnover of

property under section 542 of the Bankruptcy Code, collection of monies, and breach of

contract and against Andres Reyes Burgos, Inc. ("ARB") for the  tortious interference with a

service contract LM Waste had with the Municipality.[1]  Both defendants move the court for

dismissal based, among others, on the permissive abstention provisions of section 1334(c)(1)

_____

[1]  Unless otherwise indicated, the terms "Bankruptcy Code," "section"and "§" refer to title 11 of the
United States Code, 11 U.S.C. §§ 1010-1532, as amended. All references to "Bankruptcy Rule" are to
the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of
Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the
United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil
Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of
Puerto Rico.

of title 28 of the United States Code.[2] For the reasons stated below, the court grants the motion to abstain and dismisses the case.

### I. Procedural Background.

LM Waste filed a voluntary petition under chapter 11 of the Bankruptcy Code, which was docketed as case 14-08851 on May 4, 2015. [Bankr. Dkt. No. 1.] On that same day, it also commenced this adversary proceeding. [Adv. Dkt. No. 1.]  On June 25, 2015, the Municipality moved for dismissal of the complaint. [Adv. Dkt. No. 11.] On July 21, 2015, LM Waste filed its opposition to the motion to dismiss.  [Adv. Dkt. No. 14.]  The Municipality replied to the opposition on August 18, 2015. [Adv. Dkt. No. 18.]

A hearing was held on September 25, 2015, where LM Waste was granted seven days to supplement its opposition to the motion to dismiss and the Municipality was granted seven days thereafter to respond. [Adv. Dkt. Nos. 24 & 25.]  On October 1, 2015, LM Waste filed its supplement to the opposition to dismissal [Adv. Dkt. No. 26.]  On October 9, 2015, the Municipality filed its reply. [Adv. Dkt. No. 29.]  LM Waste filed a sur-reply on February 18, 2016. [Adv. Dkt. No. 43.]

On February 17, 2016, ARB filed a motion requesting the court to abstain from hearing this case. [Adv. Dkt. No. 42.] On March 3, 2016, ARB moved the court for an order to grant the motion for abstention as unopposed.  [Adv. Dkt. No. 47.] On March 4, 2016, LM Waste opposed ARB's motion requesting the entry of order as unopposed, and opposed the motion to abstain on March 7, 2016.  [Adv. Dkt. Nos. 49 & 50.]  On March 31, 2016, ARB replied to LM Waste's opposition to the abstention request. [Adv. Dkt. No. 56.]  On April 4, 2016, LM Waste filed a motion to inform recent case law from the United State District Court for the District of Puerto

---

[2] 28 U.S.C. § 1334(c)(1).

Rico on a recently enacted state law on judgments against Puerto Rico municipalities. [Adv. Dkt. No. 57.]

A hearing on the abstention and dismissal requests was held on April 8, 2016, where the defendants were granted 14 days to supplement their legal memoranda with respect to: (i) recent case law from the District of Puerto Rico on judgments against municipalities and (ii) whether LM Waste met the deadlines to remove this case from state court to bankruptcy court. [Adv. Dkt. Nos. 58 & 59.] The court also granted LM Waste 14 days thereafter to respond to the defendants' supplements. [Id.]

On April 18 and 22, 2016, ARB and the Municipality, respectively, filed their briefs in compliance with the order. [Adv. Dkt. Nos. 61 & 64.] On April 29, 2016, LM Waste filed its response. [Adv. Dkt. No. 65.] And on April 30, 2016, ARB replied to LM Waste's response. [Adv. Dkt. No. 66.]

After several continuance requests, a non-evidentiary hearing was held on June 17, 2016 on the abstention and dismissal requests filed by the defendants. [Adv. Dkt. Nos. 78 & 79.] At that hearing, the court granted both defendants 14 days to file a joint statement of uncontested facts with certified English translations of documents submitted as supporting exhibits. [Id.] The court granted LM Waste 28 days thereafter to respond and to file its own statement of uncontested facts. [Id.]

On June 30, 2016, ARB and the Municipality filed their statement of uncontested facts. [Adv. Dkt. No. 81.] On July 14, 2016, ARB and the Municipality filed a joint motion submitting certified translations. [Adv. Dkt. No. 82.] On August 10, 2016, LM Waste filed its statement of uncontested facts. [Adv. Dkt. No. 86.] On August 12, 2016, ARB filed a motion for leave to reply to LM Waste's statement of uncontested facts. [Adv. Dkt. No. 87.]

**II. Uncontested facts**

The following facts are undisputed as found in the record of this case and the statements of proposed uncontested facts filed by the parties at docket numbers 81 and 86:

On June 30, 2011, LM Waste and the Municipality executed an agreement for the collection and transportation of non-hazardous solid wastes in the Municipality to be disposed of in the municipal landfill. [Statement of Proposed Uncontested Facts filed by the ARB and the Municipality ("ARB/Municipality's SUF") at ¶ 1, Adv. Dkt. No. 81; LM Waste's Statement of Uncontested Facts and Reply ("LM Waste's Reply") at ¶ 8, Adv. Dkt. No. 86.]

On September 3, 2013, LM Waste filed a complaint against the defendants in the Puerto Rico Court of First Instance, Superior Court of Ponce (the "state court"). [ARB/Municipality's SUF at ¶ 2, Adv. Dkt. No. 81; LM Waste's Reply at ¶ 8, Adv. Dkt. No. 86.] LM Waste requested in its complaint damages against the Municipality for breach of contract and against ARB for tortious interference of the contract with the Municipality. [Id.]  On December 13, 2013, LM Waste amended its complaint.  [ARB/Municipality's SUF at ¶ 3, Adv. Dkt. No. 81; LM Waste's Reply at ¶ 8, Adv. Dkt. No. 86.]

On February 10, 2014, the parties filed a case management report disclosing their exhibits, witnesses, stipulated evidence, and discovery schedule. [ARB/Municipality's SUF at ¶ 4, Adv. Dkt. No. 81; LM Waste's Reply at ¶ 8, Adv. Dkt. No. 86.]  On April 4, 2014, ARB filed a motion to dismiss the amended complaint.  [ARB/Municipality's SUF at ¶ 5, Adv. Dkt. No. 81; LM Waste's Reply at ¶ 8, Adv. Dkt. No. 86.]  And on May 1, 2014, the Municipality answered the amended complaint and  counterclaimed.  [ARB/Municipality's SUF at ¶ 6, Adv. Dkt. No. 81; LM Waste's Reply at ¶ 8, Adv. Dkt. No. 86.]

On May 15, 2014, the state court granted ARB's motion to deem unopposed its motion to dismiss through an order notified on May 20, 2015. [ARB/Municipality's SUF at ¶ 7, Adv.

Dkt. No. 81; LM Waste's Reply at ¶ 8, Adv. Dkt. No. 86.]  On June 4, 2014, LM Waste filed a motion for reconsideration of the dismissal order in favor of ARB.  [ARB/Municipality's SUF at ¶ 8, Adv. Dkt. No. 81; LM Waste's Reply at ¶ 8, Adv. Dkt. No. 86.]

On June 17, 2014, the Municipality moved for the entry of default on its counterclaim against LM Waste.  [ARB/Municipality's SUF at ¶ 9, Adv. Dkt. No. 81; LM Waste's Reply at ¶ 8, Adv. Dkt. No. 86.]  On July 8, 2014, the state court held a status conference in which it imposed deadlines to answer pending motions and scheduled a pretrial conference for October 29, 2014.  [ARB/Municipality's SUF at ¶ 10, Adv. Dkt. No. 81; LM Waste's Reply at ¶ 8, Adv. Dkt. No. 86.]

On July 14, 2014, LM Waste filed its answer to the counterclaim. [ARB/Municipality's SUF at ¶ 11, Adv. Dkt. No. 81; LM Waste's Reply at ¶ 8, Adv. Dkt. No. 86.]  On July 22, 2014, ARB served LM Waste with a set of interrogatories and request for production of documents. [ARB/Municipality's SUF at ¶ 12, Adv. Dkt. No. 81; LM Waste's Reply at ¶ 8, Adv. Dkt. No. 86.] And on October 17, 2014, ARB filed a motion to compel discovery because LM Waste had not complied with the requested discovery. [ARB/Municipality's SUF at ¶ 13, Adv. Dkt. No. 81; LM Waste's Reply at ¶ 8, Adv. Dkt. No. 86.]

On October 29, 2014, LM Waste filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. [ARB/Municipality's SUF at ¶ 14, Adv. Dkt. No. 81; LM Waste's Reply at ¶ 8, Adv. Dkt. No. 86.] Also on October 29, 2014, LM Waste told the state court at a pretrial and settlement conference that it had filed for bankruptcy. [SUF at ¶ 15, Adv. Dkt. No. 81; LM Waste's Reply at ¶ 8, Adv. Dkt. No. 86.]

The state court then issued a judgment staying the proceedings and administratively closing the case without prejudice and without the imposition of costs or attorneys' fees.  [SUF at ¶ 15, Adv. Dkt. No. 81; LM Waste's Reply at ¶ 11, Adv. Dkt. No. 86; State Court Judgment

dated October 29, 2014; Adv. Dkt. No. 86-2.] The state court also reserved jurisdiction to reopen the case upon the request of a party if the order staying the proceedings were overruled, and stated that the judgment would be considered final if the claims were fully adjudicated in bankruptcy court. [Id.]

On May 4, 2015, LM Waste filed a complaint initiating this adversary proceeding. [Adv. Dkt. No. 1; SUF at ¶ 16, Adv. Dkt. No. 81; LM Waste's Reply at ¶ 8, Adv. Dkt. No. 86.]

### III. Applicable Law and Discussion.

LM Waste avers in the complaint that the Municipality owes the estate $592,297.96, plus interest, for breach of contract and that the Municipality and ARB owe the estate, jointly and severally, damages in the estimated sum of $3,800,000 for tortious interference by ARB of the contractual relationship between LM Waste and the Municipality. [Adv. Dkt. No. 1.]

The Municipality moves the court for dismissal arguing that: the claim against the defendants does not constitute a core proceeding as defined in section 157 of title 28;[3] LM Waste did not properly transfer the case from the state court to the bankruptcy court under Bankruptcy Rule 9027; the first to file rule applies and requires the state court to retain jurisdiction of the suit; and permissive abstention under section 1334(c)(1) of title 28 applies here since the rights of the parties are governed by state law. [Adv. Dkt. No. 11.] ARB also moves the court to abstain from hearing this adversary proceeding under section 1334(c)(1) as the case hinges entirely on state law; abstention is warranted to avoid the likelihood of forum shopping by LM Waste; and the first to file rule requires the state court to retain jurisdiction of the suit. [Adv. Dkt. No. 42.]

---

[3] 28 U.S.C. § 157.

LM Waste opposes abstention and dismissal arguing that this is a core proceeding because the alleged breach of contract is precisely what led to the filing of the chapter 11 petition; the uncollected funds owed to the estate are recoverable under section 365 of the Bankruptcy Code; and the already executed portions of the contract are considered a matured debt recoverable under section 542 of the Bankruptcy Code. [Adv. Dkt. No. 14.]

Bankruptcy courts have subject matter jurisdiction over proceedings "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). District courts may refer to bankruptcy courts "all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a). Section 157 of title 28 defines and distinguishes what are core and non-core proceedings. 28 U.S.C. § 157(b) & (c). See, Roman-Perez v. Operating Partners Co. LLC (In re Roman-Perez), 527 B.R. 844, 851 (Bankr. D.P.R. 2015.) "A core proceeding, for bankruptcy jurisdictional purposes, is an action that has as its foundation the creation, recognition, or adjudication of rights that would not exist independent of a bankruptcy environment." In re Med. Educ. & Health Servs., Inc., 459 B.R. 527, 545 (Bankr. D.P.R. 2011). "If an action would survive outside of bankruptcy, and in the absence of bankruptcy would have been initiated in a state or a district court, then it clearly involves a non-core matter." Scotland Guard Servs. v. Autoridad de Energia Electrica (In re Scotland Guard Servs.), 179 B.R. 764, 767 (Bankr. D.P.R. 1993).

A bankruptcy judge may hear a non-core proceeding that is otherwise related to a case under title 11. 28 U.S.C. § 157(c)(1). But, a bankruptcy judge cannot enter judgment in non-core proceedings and is limited to submitting proposed findings of fact and conclusions of law to the district court. [Id.] The district court must then review those proposed findings and conclusions de novo and enter any final orders or judgments. [Id.] But, the statute provides for an exception to the rule. The bankruptcy judge may enter the appropriate orders and

judgment in a non-core proceeding if all the parties to the action consent to the same. 28 U.S.C. § 157(c)(2).

In this case, the breach of contract, collection of monies, and tortious interference claims are non-core because they arose prior to the filing of the bankruptcy petition and did not come into existence due to the filing of bankruptcy. It is uncontested that LM Waste sought to collect these claims in state court prior to the filing of the bankruptcy petition. As such, the claims existed and can survive outside of this court. The court finds no merit in LM Waste's argument that the uncollected funds due to the estate are recoverable under section 365 or that the executed portions of the contract are considered a matured debt recoverable under section 542. The court notes that LM Waste did not aver any jurisdictional basis under section 365 in its complaint. Morever, LM Waste did not list in its schedules any executory contract with the Municipality. [Bankr. Dkt. No. 24, at p. 56.] And, insofar as the Municipality is contesting the debt, this case cannot be considered a turnover action. Latin Am. Roller Co. v. Cooperativa de Seguros Multiples (In re Latin Am. Roller Co.), 412 B.R. 15, 22 (Bankr. D.P.R. 2009) ("When a bona fide dispute exists as to liability involving state law, then the proceeding is not core.").

Because this is a non-core proceeding and the parties have not consented to the entry of a final judgment in bankruptcy court, this court is limited herein to submitting proposed findings of fact and conclusions of law to the district court.[4]

But, instead of submitting proposed findings of facts and conclusions of law to the district court, the defendants request that this court dismiss this case under the permissive

---

[4] LM Waste acknowledges that this court cannot enter judgment on the tortious interference claim, but that it can issue proposed findings of facts and conclusions of law to be reviewed de novo by the district court. [Adv. Dkt. No. 14, p. 12. ]

abstention provisions in section 1334(c)(1)of title 28. 28 U.S.C. §1334(c)(1). Section 1334(c)(1) provides that nothing "prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." Id. Aside from the three factors already delineated in the statute–justice, comity, and respect for state law–other circuits consider "'the extent to which state law issues predominate over bankruptcy issues'; 'the presence of a related proceeding commenced in state court or other nonbankruptcy court'; and 'the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.'" New Eng. Power and Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.), 292 F.3d 61, 69 (1st Cir. Mass. 2002) (citing Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1166-67 (9th Cir. 1990)).

The District Court of Puerto Rico has also considered the following factors: (1) the effect on the efficient administration of the estate if a court abstains, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the unsettled nature of the applicable law, (4) a related proceeding commenced in state court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted core proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court to be enforced in bankruptcy court, (9) the burden on the bankruptcy docket, (10) the likelihood that the bankruptcy court proceeding involves forum shopping by one of the parties, (11) the right to jury trial, and (12) the presence of non-debtor parties. Flores Rivera v. Telemundo Group, 133 B.R. 674, 677 (D.P.R. 1991) (citing In re Tucson Estates, Inc., 912 F.2d at 1166). "Not all of these factors are necessarily applicable, and the court also

looks at comity as well as other equitable considerations." In re Caribbean Petroleum Corp., 443 B.R. 560, 568-69 (Bankr. D.P.R. 2010).

Here, the facts favor abstention. The first Telemundo factor, the efficient administration of the estate, is fostered by keeping this contractual issue in state court where it belongs. Given that it is a non-core proceeding and the lack of consent by all the parties to the entry of a final judgment by this court, not abstaining would require this court to submit proposed findings and conclusions of law to the district court. Since objections to the proposed findings and conclusions of law are likely to arise from the party or parties in disagreement with them, the district court would have to resolve those objections and possibly even retry the entire case prior to entering final judgment.

The second and fourth Telemundo factors also favor abstention. Puerto Rico law predominates over bankruptcy law in contractual and tortious interference actions and the state court is competent to adjudicate LM Waste's claims. Additionally, the state case was commenced pre-petition and prosecuted to the pretrial stage until stayed by the bankruptcy filing. And, as per the state court judgment administratively closing it, the state court will reopen the case if the automatic stay is lifted.[5]

As for the fifth Telemundo factor, there is no jurisdictional basis for this court to address the breach of contract and tortious interference claims if not for the bankruptcy filing. The court is not convinced by LM Waste's assertion of federal jurisdiction under the Resource Conversation and Recovery Act ("RCRA").[6] The court notes that LM Waste did not assert any claim under RCRA in its complaint. Instead, LM Waste raised exclusive federal jurisdiction

---

[5] Section 362 only stayed counterclaims in state court against LM Waste, but not the claims of LM Waste against the defendants.

[6] 42 U.S.C. §§ 6901-6992.

under RCRA after the Municipality's allegation that LM Waste failed to comply with that federal law in providing its services.

The tenth Telemundo factor also favors abstention. The filing of the adversary complaint by LM Waste is forum shopping given that the state court had dismissed LM Waste's claim against ARB and it had yet to rule on LM Waste's request to reconsider the order deeming the dismissal unopposed. ARB was also seeking an order from the state court to compel LM Waste to answer interrogatories and produce documents just before the bankruptcy petition was filed.

And, as for the twelfth Telemundo factor, both the Municipality and ARB are non-debtor parties.

Throughout this adversary proceeding, LM Waste has argued against abstention and dismissal because of the enactment of Puerto Rico Act No. 66-2014, known as the "Government of the Commonwealth of Puerto Rico Special Fiscal and Sustainability Act." P.R. Law. Ann. tit. 3, §§ 9101-9153. Act 66 establishes limitations on the collection of judgments against the Commonwealth of Puerto Rico, its agencies, instrumentalities, public corporations, and municipalities. Under its section 28, the Municipality may pay a money judgment against it through a payment plan that ranges from one to ten years depending on the amount of the judgment. P.R. Law. Ann. tit. 3, § 9141. Section 28 further allows the Municipality to postpone a plan payment to the following fiscal year if it does not have the funds to make the payment. Id. And section 29 makes it unlawful to compel the Municipality to pay any money judgment against it or to embargo any funds to pay a judgment when there has been a determination that the Municipality does not have the funds to make such payment. P.R. Law. Ann. tit. 3, § 9142.

LM Waste argues that Act 66 is an insurmountable obstacle to collect a state court judgment against the Municipality. But, it argues that if the case remains in bankruptcy court, Act 66 would not apply because of the Supremacy Clause of the United States Constitution. LM Waste cites to Wal-Mart Puerto Rico v. Zaragoza-Gomez, 174 F.Supp.3d 585 (D.P.R. 2016), aff'd, 834 F.3d 110, 123 (1st Cir. P.R. 2016), to support its contention that Act 66 would make any potential judgment against the Municipality impossible to collect.

The court does not agree. The enforcement of any judgment against the Municipality, be it from bankruptcy court or state court, would be subject to Act 66 under Civil Rule 69(a). Fed. R. Civ. P. Rule 69(a). See, Whitfield v. Municipality of Fajardo, 564 F.3d 40, 43 (1st Cir. P.R. 2009) ("Under this rule [69(a)], state law governs not only the parties' substantive rights but also the procedure to be followed.").

The Wal-Mart case is distinguishable from this case. In Wal-Mart, the Puerto Rico District Court allowed federal jurisdiction to overcome the limitations imposed upon federal courts by the Butler Act[7] and the Tax Injunction Act[8] to entertain suits to assess or enjoin the collection of a state tax where a speedy and efficient remedy exists in state court. The court considered the government's inability to satisfy a potential tax-refund judgment under Act 66 in order to find an exception to the applicability of the Butler Act. But, the District Court did not exert federal jurisdiction so that Wal-Mart would be able to collect and enforce a potential money judgment issued in federal court as opposed to state court. On the contrary, Wal-Mart was requesting to enjoin the collection by the Puerto Rico Treasury Department of a state tax.

---

[7] 48 U.S.C. § 872.

[8] 28 U.S.C. § 1341.

Accordingly, this court permissively abstains under section 1334(c)(1) of title 28 from hearing this adversary proceeding. As a consequence, we need not address whether LM Waste complied with the removal procedure governed by Bankruptcy Rule 9027 or the parties' arguments under the first to file rule.

**IV. Conclusion**

For the reasons stated herein, the court permissively abstains from hearing this case under section 1334(c)(1) of title 28 of the United States Code and, as a result, the adversary proceeding of caption is dismissed.

SO ORDERED.

In Ponce, Puerto Rico, this 15th day of December, 2016.

Edward A. Godoy
U.S. Bankruptcy Judge